UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SARAH LIU,

        Plaintiff,

v.                                 Case No: 6:23-cv-374-PGB-DCI

USAA CASUALTY INSURANCE
COMPANY,

        Defendant.

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Defendant's Motion for Rule 35 Neuropsychological Examination of Plaintiff (Doc. 39)** |
| **FILED:** | **April 23, 2024** |
| | **THEREON** it is **ORDERED** that the motion is **GRANTED**. |

This action involves a claim for damages for injuries Plaintiff allegedly suffered as the result of a motor vehicle accident. Docs. 1; 39. Allegedly, because of the incident, Plaintiff suffered a brain injury that has caused "memory difficulty, anxiety, headaches, vertigo, and balance issues." Doc. 39 at 4.

Defendant has filed a motion for an examination of Plaintiff pursuant to Federal Rule of Civil Procedure 35. Doc. 39 (the Motion). Defendant represents that Plaintiff alleges brain injuries from the incident. *Id*. at 2-4. Thus, Defendant asserts that Plaintiff has placed her physical health in controversy and there is good cause to order Plaintiff to submit to a neuropsychological

examination alleged concerning the alleged "traumatic brain injury with cognitive deficiencies, the condition and functionality of Plaintiff's brain, and what future medical care, if any, Plaintiff may need for symptomatology related to Plaintiff's brain." *Id*. at 2.  Defendant proposes the following examination:

- **Date & Time**: May 21, 2024, at 9:30 a.m.

- **Examiner**: Robert E. Cohen, Psy.D, ABPP

- **Location**:  20 N. Orange Ave., Suite 1208, Orlando, FL 32801

- **Scope**: "The examination is set to begin at 9:30 a.m. (Plaintiff to arrive no later than 9:15 a.m.) and will conclude on or about 3:30 p.m. with a break for lunch from approximately 12:30 p.m. through 1:00 p.m., with 5-10 minute breaks between testing as needed by the Plaintiff. Only examiner and examinee would be in the testing room together. There would be between 12-15 types of tests to measure intellectual functioning, verbal comprehension and reasoning, cognitive functioning, attention/concentration, executive functioning, complex, reasoning/problem solving, processing speed, motor functioning, visuospatial, perception and perceptual integration, learning, memory, psychological, functioning, and behavior and adaptive functioning."

*Id*.  Defendant requests that the Court enter an order permitting the examination outlined above and states that the Motion is opposed. *Id*. at 5.  Accordingly, the Court set the Motion for a hearing. Prior to the hearing, the parties filed a joint notice outlining some agreed procedures and noting that there were not longer any outstanding issues for court resolution.  Doc. 42.  Specifically, the parties agreed as follows:

- Video and audio will be used for the interview portion of Dr. Cohen's Compulsory Medical Examination.

- During the interview portion, the video camera will not be in Plaintiff's line of sight.

- During the interview portion, the Court Reporter will not be in the same room as Plaintiff and Dr. Cohen, but will listen to the audio.

- Plaintiff may have a videographer set up a camera or other relevant equipment in the room to videotape/record the neuropsychological testing portion of the examination, so long as the camera is not pointed at the test materials. Plaintiff has advised Defendant that they intend to have a videographer present.

Doc. 42 at 2.

The party moving for a mental or physical examination under Rule 35 has the burden of establishing that the opposing party's physical or mental condition is both in controversy and that there is good cause for the Court to order the examination. *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964). The order setting a Rule 35 examination must "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B).

Defendant has sufficiently demonstrated that Plaintiff has placed her physical health in controversy. Further, Plaintiff does not object to the Motion, and appears to agree that she has placed her physical health in controversy. Therefore, the Court finds that Defendant has established good cause for compelling Plaintiff to submit to the examinations outlined in this Order.

Accordingly, it is **ORDERED** that the Motion (Doc. 39) is **GRANTED**, as modified by the parties' agreement in the Joint Notice.

**ORDERED** in Orlando, Florida on May 6, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE